**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | |
|---|---|
| **JANE DOE (K.D.B.) an individual,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SHIV LEELA LLC,**<br><br>**Defendant.** | **CASE NO. 3:26-CV-00868**<br><br>**Judge: Waverly D. Crenshaw, Jr.**<br><br>**Magistrate Judge: Jeffery S. Frensley** |

# ANSWER TO ORIGINAL COMPLAINT

Defendant SHIV LEELA LLC as and for its Answer and Defenses to Plaintiff Jane Doe (K.D.B.)'s Complaint, respond as follows:

Except as expressly admitted herein, Defendants deny each and every allegation contained in the Complaint and deny that Plaintiff is entitled to any relief against them.

## SUMMARY[1]

1. Defendant denies that any facts exist sufficient to support any such claims for relief against Defendant. Any remaining allegations in addition to or inconsistent with the foregoing are denied.

2. Paragraph 2 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information

[1] This Answer includes the subheadings from Plaintiff's Complaint for organizational purposes alone. Such subheadings are not allegations to which a response is required. To the extent any such subheading is deemed to require a response, Defendants denies them.

to form a belief as to the truth of the allegations in paragraph 2, including the information linked at footnote 1, and, on that basis, denies them.

3. Paragraph 3 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3, including the information linked at footnotes 2-3, and, on that basis, denies them.

4. Paragraph 4 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4, including the information linked at footnotes 4-5, and, on that basis, denies them.

5. Paragraph 5 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5, including the information linked at footnote 6, and, on that basis, denies them.

6. Paragraph 6 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 and, on that basis, denies them.

7. Paragraph 7 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 and, on that basis, denies them.

8. Paragraph 8 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 and, on that basis, denies them.

9. Denied.

10. Denied.

**PARTIES**

11. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 and, on that basis, denies them.

12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 and, on that basis, denies them.

13. Paragraph 13 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 and, on that basis, denies them.

14. Paragraph 14 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 and, on that basis, denies them.

15. Defendant admits that SHIV LEELA LLC is a limited liability company with its principal office in Tennessee. Defendant admits that it owns the premises located at 3414 Percy Priest Drive, Nashville, Tennessee 37214. Except as expressly admitted, at this time Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in paragraph 15, including but not limited to the allegations that it operated, controlled, managed, or maintained the Econo Lodge, and on that basis denies them.

**JURISDICTION AND VENUE**

16. Paragraph 16 consists of conclusions of law to which no response is required. To the extent a response is required, Defendant admits that it does not presently dispute the subject

matter jurisdiction of this Court. Except as expressly admitted, Defendant denies the allegations in paragraph 16.

17. Paragraph 17 consists of conclusions of law to which no response is required. To the extent a response is required, Defendant admits that it does not presently dispute the venue of this action, based solely on the allegations in Plaintiff's Complaint. Except as expressly admitted, Defendant denies the allegations in paragraph 17.

**STATEMENT OF FACTS**

18. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 and, on that basis, denies them.

19. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 and, on that basis, denies them.

20. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20 and, on that basis, denies them.

21. Denied.

22. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 and, on that basis, denies them.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied, including all subparts.

30. Defendant admits that it owns the premises located at 3414 Percy Priest Drive, Nashville, Tennessee 37214. Except as expressly admitted, at this time Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in paragraph 30, including but not limited to the allegations that it operated, controlled, managed, or maintained the Econo Lodge, and on that basis denies them.

31. Denied.

32. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32 and, on that basis, denies them.

33. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33 and, on that basis, denies them.

34. Denied.

35. Denied.

36. Paragraph 36 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 36, including the information linked at footnotes 7-10, and, on that basis, denies them.

37. Paragraph 37 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 37, including the information linked at footnote 11, and, on that basis, denies them.

38. Paragraph 38 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information

to form a belief as to the truth of the allegations in paragraph 38, including the information linked at footnote 12, and, on that basis, denies them.

39. Paragraph 39 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39, including the information linked at footnote 13, and, on that basis, denies them, including all subparts.

40. Paragraph 40 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40, including the information linked at footnote 14, and, on that basis, denies them.

41. Paragraph 41 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 41, including the information linked at footnote 15, and, on that basis, denies them.

42. Paragraph 42 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies them.

43. Paragraph 43 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies them.

44. Paragraph 44 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies them.

45. Paragraph 45 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information


Case 3:26-cv-00868 Document 16 Filed 08/19/26 Page 6 of 18 PageID #: 68

to form a belief as to the truth of the allegations in paragraph 45, including the information linked at footnotes 17-18, and, on that basis, denies them.

46. Paragraph 46 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 46, including the information linked at footnote 19, and, on that basis, denies them.

47. Paragraph 47 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 47 and, on that basis, denies them.

48. Paragraph 48 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 48 and, on that basis, denies them.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Defendant lacks sufficient knowledge or information to form a belief as to the authenticity or truth of the reviews or their contents cited in paragraph 56 and, on that basis, denies those allegations. Defendant denies that they establish notice, knowledge, or any other allegation

against Defendant. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 56, including all subparts.

57. Denied.

58. Denied.

59. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 59 and, on that basis, denies them.

60. Denied, including all subparts.

61. Denied.

62. Denied.

63. Paragraph 63 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 63.

64. Denied.

65. Denied.

66. Denied, including all subparts.

67. Denied.

68. Paragraph 68 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 68.

69. Paragraph 69 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 69.

70. Paragraph 70 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 70.

71. Paragraph 71 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 71.

72. Paragraph 72 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 72.

73. Paragraph 73 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 73.

74. Paragraph 74 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 74.

75. Paragraph 75 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 75 and, on that basis, denies them.

76. Paragraph 76 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 76 and, on that basis, denies them.

77. Paragraph 77 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 77 and, on that basis, denies them.

78. Denied.

79. Paragraph 79 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 79.

80. Denied.

81. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 81 and, on that basis, denies them, including all subparts.

82. Paragraph 82 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 82.


Case 3:26-cv-00868 Document 16 Filed 08/19/26 Page 9 of 18 PageID #: 71

83. Paragraph 83 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 83 and, on that basis, denies them, including all subparts.

84. Paragraph 84 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 84.

85. Denied.

86. Paragraph 86 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 86 and, on that basis, denies them, including all subparts.

87. Paragraph 87 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 87 and, on that basis, denies them.

88. Denied, including all subparts.

89. Paragraph 89 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 89.

**CAUSE OF ACTION – CIVIL SEX TRAFFICKING UNDER THE TVPRA**

90. Paragraph 90 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 90 and, on that basis, denies them.

91. Denied, including all subparts.

92. Denied.



Case 3:26-cv-00868 Document 16 Filed 08/19/26 Page 10 of 18 PageID #: 72

93. Paragraph 93 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 93 and, on that basis, denies them.

94. Denied.

95. Denied.

**TOLLING OF LIMITATIONS**

96. Paragraph 96 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 96.

97. Paragraph 97 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 97 and, on that basis, denies them.

98. Paragraph 98 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 98 and, on that basis, denies them.

99. Paragraph 99 consists of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 99 and, on that basis, denies them.

100. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 100 and, on that basis, denies them.

101. Denied.

102. Denied.

103. Defendant denies that Plaintiff is entitled to any relief from Defendant whatsoever.

## JURY TRIAL

104. Defendant admits that Plaintiff has demanded a jury trial on all issues and joins in that demand.

## RELIEF SOUGHT

105. Defendant denies that Plaintiff is entitled to any relief from Defendant whatsoever.

## DEFENDANT'S DEFENSES

Without assuming any burden not otherwise imposed upon them by law, and expressly reserving the right to amend or supplement these defenses as discovery and investigation continue, Defendants allege the following affirmative and other defenses:

### FIRST DEFENSE: FAILURE TO STATE A CLAIM

1. The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE: SUPERSEDING OR INTERVENING ACTS

2. The Complaint is barred in whole or in part because the incidents alleged and all damages complained of, if any, were caused by the superseding or intervening acts, or omissions, of parties over whom Defendant had no right of control.

### THIRD DEFENSE: FAULT OF THIRD PARTIES/APPORTIONMENT OF FAULT

3. The Complaint is barred in whole or in part because any damage, loss, or liability alleged by Plaintiff must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Defendant, including third parties such as Plaintiff's alleged trafficker(s), under the principles of proportionate responsibility, equitable allocation, recoupment, set-off, and/or comparative fault.

**FOURTH DEFENSE: STATUTES VAGUE AND AMBIGUOUS**

4. The Complaint is barred in whole or in part because the statutes sued upon are unconstitutionally vague and ambiguous.

**FIFTH DEFENSE: FAILURE TO MITIGATE DAMAGES**

5. The Complaint is barred in whole or in part because Plaintiff failed to take reasonable steps to minimize her alleged damages.

**SIXTH DEFENSE: NO VICARIOUS LIABILITY**

6. The Complaint is barred in whole or in part because, to the extent Defendant's agents or employees committed any of the alleged acts or omissions, it was outside the scope of authority conferred by Defendant and not ratified by Defendant.

**SEVENTH DEFENSE: NO EXEMPLARY/PUNITIVE DAMAGES**

7. The Complaint fails to establish that Defendant acted with intentional and outrageous conduct, or with malice, as required to justify the imposition of punitive damages under federal common law or the law of Tennessee.

**EIGHTH DEFENSE: STATUTE OF LIMITATIONS**

8. The Complaint is barred in whole or in part by the applicable statutes of limitations.

**NINTH DEFENSE: LACHES**

9. The Complaint is barred in whole or in part by the equitable doctrine of laches.

**TENTH DEFENSE: NO PUNITIVE DAMAGES**

10. In response to Plaintiff's claims for punitive damages, Defendant incorporates by reference any and all standards of limitation regarding the determination and/or enforceability of punitive damage awards which arose in the decisions of *BMW of N. Am. v. Gore*, 517 U.S. 559

(1996); *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424 (2001); State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003), and their progeny.

**ELEVENTH DEFENSE: NO KNOWLEDGE**

11. The Complaint is barred in whole or in part because Defendant did not know and should not have known about the sex trafficking of Plaintiff.

**TWELFTH DEFENSE: COMPARATIVE FAULT**

12. Plaintiff's damages, if any, are barred in whole or in part because any damage, loss, or liability alleged must be reduced, diminished, and/or barred in proportion to any wrongful conduct of persons or entities other than Defendant under principles of proportionate responsibility, comparative fault, and comparable legal doctrines.

**THIRTEENTH DEFENSE: OUTSIDE SCOPE OF AUTHORITY**

13. The Complaint is barred in whole or in part because, to the extent that any employees committed any actionable acts or omissions, such acts or omissions were committed outside the scope of authority conferred to them by Defendant.

**FOURTEENTH DEFENSE: NO PARTICIPATION**

14. The Complaint is barred in whole or in part because Defendant did not participate in a sex trafficking or any other venture related to Plaintiff.

**FIFTEENTH DEFENSE: NO FORESEEABILITY**

15. The Complaint is barred in whole or in part because injuries and/or damages alleged by Plaintiff, if any, were the result of an unforeseeable series of events over which Defendant had no control and for which Defendant cannot be held liable.

**SIXTEENTH DEFENSE: REASONABLENESS**

16. The Complaint is barred in whole or in part because at all times relevant herein, Defendant exercised reasonable care and acted in accordance with or exceeded all applicable municipal, city, state, and federal statutory, regulatory and common law requirements, regulations, and standards.

**SEVENTEENTH DEFENSE: NO KNOWING BENEFIT FROM PARTICIPATION IN A TRAFFICKING VENTURE**

17. The Complaint is barred in whole or in part because Defendant did not knowingly benefit, financially or by receiving anything of value, from participation in a venture that Defendant knew or should have known engaged in an act prohibited by the Trafficking Victims Protection Reauthorization Act.

**EIGHTEENTH DEFENSE: NO VIOLATION OF 18 U.S.C. § 1591 OR OTHER PREDICATE STATUTE**

18. The Complaint is barred in whole or in part because Defendant did not commit, attempt to commit, conspire to commit, or knowingly benefit from participation in any violation of 18 U.S.C. § 1591 or any other predicate criminal statute.

**NINETEENTH DEFENSE: NO PERPETRATOR LIABILITY**

19. The Complaint is barred in whole or in part because Defendant did not recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, or solicit Plaintiff knowing, or in reckless disregard of the fact, that force, fraud, or coercion would be used to cause Plaintiff to engage in a commercial sex act. Defendant is therefore not liable as a perpetrator under 18 U.S.C. §§ 1591 or 1595.

**TWENTIETH DEFENSE: NO DUTY**

20. The Complaint is barred in whole or in part because Defendant did not owe Plaintiff the duties alleged in the Complaint, including any duty to control the intentional or criminal conduct of unrelated third parties in the absence of legally sufficient notice and a legally recognized special relationship.

**TWENTY-FIRST DEFENSE: LACK OF CAUSATION**

21. The Complaint is barred in whole or in part because no act or omission by Defendant was an actual, substantial, legal, or proximate cause of Plaintiff's alleged injuries or damages.

**TWENTY-SECOND DEFENSE: SPECULATIVE OR UNCERTAIN DAMAGES**

22. Plaintiff may not recover damages that are speculative, remote, uncertain, duplicative, or unsupported by competent evidence.

**TWENTY-THIRD DEFENSE: RESERVATION OF RIGHTS**

23. Plaintiff has failed to join a party pursuant to Federal Rules of Civil Procedure 12(b)(7) and 12.

**TWENTY-FOURTH DEFENSE: RESERVATION OF RIGHTS**

24. Defendant expressly reserves the right to seek leave to amend this Answer to add, delete, or modify defenses based on legal theories, facts, or circumstances developed through discovery or further legal analysis of Plaintiff's claims. Defendant also reserves the right to seek contribution or indemnification from any person or entity liable as a matter of law or pursuant to a contractual right. Nothing herein shall be construed as a waiver of these rights.

**JURY DEMAND**

Defendant demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;
2. That Plaintiff take nothing by her Complaint;
3. That judgment be rendered in the Defendant's favor;
4. That Defendant be awarded all costs of suit incurred herein; and
5. That the Court award such other and further relief as it deems just and proper.

RESPECTFULLY SUBMITTED, this the 19th day of August, 2026.

SHIV LEELA LLC

*/s/ John C. McCants, III*
JOHN C. MCCANTS, III (BPR No. 20873)
***Attorney for Shiv Leela LLC***

OF COUNSEL:

**MG+M The Law Firm**
4500 I-55 North, Suite 291
Jackson, MS 39211
Telephone: (769) 867 8029
Facsimile: (601) 448 6945
*jmccants@mgmlaw.com*

**CERTIFICATE OF SERVICE**

The undersigned counsel on behalf of Shiv Leela, LLC, certify that an exact copy of the foregoing document was served upon all counsel of record through the CM/ECF system.

This the 19th day of August, 2026.

*/s/ John C. McCants, III*
JOHN C. MCCANTS, III