**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE (NASHVILLE DIVISION)**

Jane Doe (K.D.B.), an individual,

Plaintiff, Case No.: 3:26-cv-00868

v.

SHIV LEELA LLC,

Defendant.

_____________________________________________/

## STIPULATED PROTECTIVE AGREEMENT

Counsel for Plaintiff and Defendant (collectively the "Parties") in the above-referenced matter, upon execution of this Stipulated Protective Agreement (the "Stipulation") by counsel for the Parties, agree that Plaintiff's counsel shall provide to Defendant's counsel Plaintiff's True Identity and other information set forth below.

As used in this Stipulation:

- "Plaintiff's True Identity" means the information in Paragraph 1(a)-(f) below provided by Plaintiff's counsel relating specifically to Plaintiff;
- "Action" means the above-captioned lawsuit and any related, consolidated, or subsequently filed action or proceeding arising from the same alleged conduct;
- "Court" means the court before which the Action is pending; and
- "Alleged Traffickers" means Plaintiff's alleged trafficker(s) and any known associates of the alleged trafficker(s) or their counsel (excluding any current or former employees, agents, and representatives of Defendant) disclosed pursuant to subparagraph 1(g) below.

1. Plaintiff's counsel shall provide Defendant with the following information for Plaintiff:
   (a) Plaintiff's full name, maiden name, and aliases used at any time;
   (b) Plaintiff's date of birth;
   (c) Plaintiff's Social Security Number;
   (d) Plaintiff's email address(es) used in 2016;
   (e) Plaintiff's phone number(s) used in 2016;
   (f) Plaintiff's current address and prior address(es) for the past ten (10) years; and
   (g) The full name(s), aliases used at any time, known contact information, and date(s) of birth of Plaintiff's alleged trafficker(s), as well as the same information for any known associates of the trafficker(s).

2. Subject to the restrictions on disclosure to the Alleged Traffickers set forth below in this Paragraph 2, the Parties may disclose Plaintiff's True Identity only to the following:

(a) The Parties to this Action, including any current or former employees, agents, and representatives of the Parties, as needed to investigate or litigate any claims or defenses;
(b) Counsel for the Parties and employees, agents, and representatives of counsel as needed to investigate or litigate any claims or defenses;
(c) The Court and court personnel;
(d) Court reporters, recorders, and videographers engaged for depositions;
(e) Any mediator appointed by the Court or jointly selected by the Parties;
(f) Any expert witness, outside consultant, contractor, or investigator retained or consulted by the Parties in connection with the Action; provided, however, that Plaintiff's True Identity may be disclosed to such individuals only to the extent that Plaintiff's True Identity will assist the individual(s) in the scope of their work with counsel in connection with the Action;
(g) Vendors, including employees, agents, and representatives of such vendors, retained by the Parties or their Outside Counsel of Record;
(h) Any custodian of records, but only to the extent that Plaintiff's True Identity will assist the custodian in obtaining and producing records;
(i) Independent providers of document reproduction, electronic discovery, translation, or other litigation services, including focus groups, mock jurors, and jury consultants, retained or employed specifically in connection with the Action;
(j) Government agencies and agency personnel, but only to the extent that the disclosure of Plaintiff's True Identity is necessary to investigate or litigate any claims or defenses or to comply with any obligations or requirements;
(k) Insurers and indemnitors for any of the Parties, including claims professionals, Special Investigation Unit personnel, coverage personnel, and coverage counsel for the insurers, who may provide indemnity or other coverage in connection with the Action;
(l) Any potential, anticipated, or actual fact witness, and their counsel, but only to the extent that Plaintiff's True Identity will assist the witness in recalling, relating or explaining facts;
(m) Any other defendant named in the Action, and their counsel;
(n) Any person or entity to whom disclosure is required by law, regulation, or court order; and
(o) Any other individual or entity to whom the Parties agree in writing or to whom the Court orders that disclosure may be made.

Before receiving Plaintiff's True Identity, the following recipients must first execute the Acknowledgment and Agreement to Be Bound attached as Exhibit A: court reporters, recorders, and videographers; independent providers of document reproduction, electronic discovery, translation, or other litigation services (including focus groups, mock jurors, and jury consultants); vendors and their employees, agents, and representatives; and any other individual or entity to whom disclosure is permitted only by written agreement of the Parties or order of the Court.

Notwithstanding any other provision of this Stipulation, Defendant, and any person who receives Plaintiff's True Identity from Defendant, must not disclose Plaintiff's True Identity to the Alleged Traffickers or to counsel for the Alleged Traffickers, except to the extent necessary to assist in their recollection of Plaintiff, her history, and her alleged trafficking, and only in accordance with the following procedure:

(i) Defendant shall notify Plaintiff of its intention to disclose Plaintiff's True Identity to Plaintiff's Alleged Traffickers prior to making the disclosure;

(ii) Plaintiff shall Defendant that Plaintiff intends to seek a protective order and shall thereafter have fourteen (14) calendar days from the date of Defendant's notification under subparagraph (i) to file a motion for protective order regarding the anticipated contact, if necessary and after conference with Defendant;

(iii) If Plaintiff files such a motion, Defendant must await the Court's ruling before disclosing Plaintiff's True Identity to Plaintiff's Alleged Traffickers; and

(iv) If Plaintiff does not file such motion with the Court within fourteen (14) calendar days following Defendant's notification under subparagraph (i), Defendant may disclose Plaintiff's True Identity to the trafficker or associate; provided, however, that in no event shall Defendant disclose the physical location of Plaintiff or Plaintiff's family to Plaintiff's trafficker(s), the associates of the trafficker(s), or counsel for those individuals.

Except as provided in this Stipulation or by a subsequent written agreement between the Parties or written order of the Court, a person entitled to know Plaintiff's True Identity shall not divulge that information to anyone beyond the persons identified above. If a Party believes it has good cause to make a disclosure not authorized under this Stipulation, it may bring a motion before the Court; before filing any contested motion, the Parties shall first meet and confer.

3. Execution of this Stipulation does not constitute an admission of liability, notice, knowledge, duty, causation, damages, agency, trafficking, participation in a venture, benefit from any alleged trafficking, coverage, timeliness, admissibility, or the sufficiency of any claim or defense. Defendant expressly denies liability and reserves all rights, claims, defenses, objections, and coverage positions. Nothing in this Stipulation shall be used as evidence of any admission, concession, waiver, or agreement concerning the merits of any claim or defense.

4. Information obtained by this Defendant or its counsel from non-confidential sources, public records, social media, law enforcement, court files or independent investigation shall not be subject to any restriction under this Stipulation. Nothing in this Stipulation shall limit Defendant, its counsel, its insurer, claims professionals, Special Investigation Unit (SIU) personnel, coverage personnel, investigators, experts, consultants, or other authorized recipients from investigating the allegations, claims, defenses, damages, coverage issues, settlement posture, or any other matter reasonably related to evaluation of the claim. Such investigation may include, without limitation, investigation of Plaintiff's alleged presence at the property, the alleged trafficker(s), relevant public records, law enforcement and court records, social media, hotel records, witnesses, current and former employees, ownership and management information, and any other information reasonably necessary to evaluate liability, damages, defenses, coverage, and settlement.

**5. PURPOSES AND LIMITATIONS**

Discovery in this Action is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure, and from use for any purpose other than prosecuting this Action, may be warranted. The Parties acknowledge that this

Stipulation does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge that this Stipulation does not entitle them to file confidential information under seal; the applicable Local Rules of this Court set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

**6.** This Action is likely to involve private personal information, information identifying Plaintiff, trade secrets, and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure, and from use for any purpose other than prosecution of this Action, is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or information that may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. It is the intent of the Parties that information will not be designated as confidential for improper or frivolous reasons, and that nothing be so designated without a good-faith belief that it has been maintained in a confidential, non-public manner and that there is good cause why it should not be part of the public record of this case.

**7. DEFINITIONS**

In addition to the terms defined elsewhere in this Stipulation, the following definitions apply:

(a) Challenging Party: A Party or Nonparty that challenges the designation of information or items under this Stipulation.

(b) "Confidential" information or items: Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified in Paragraph 6 above, but excluding Plaintiff's True Identity and "Highly Confidential" information or items as defined herein.

(c) Counsel: Outside Counsel of Record and In-House Counsel, as well as their support staff.

(d) Designating Party: A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as Plaintiff's True Identity, Confidential, or Highly Confidential.

(e) Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

(f) Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

(g) "Highly Confidential" information or items: Discovery Material that a Party reasonably believes in good faith constitutes, reflects, discloses, or contains trade secrets or proprietary information that has been maintained as non-public or confidential.

(h) In-House Counsel: Attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

(i) Nonparty: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

(j) Outside Counsel of Record: Attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party, or are affiliated with a law firm that has appeared on behalf of that Party, and includes support staff.

(k) Producing Party: A Party or Nonparty that produces Disclosure or Discovery Material in this Action.

(l) Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

(m) Protected Material: Any Disclosure or Discovery Material that is designated as Plaintiff's True Identity, Confidential, or Highly Confidential.

(n) Public Pre-Trial Court Proceeding or Pre-Trial Court Filing: Any pre-trial hearing or other proceeding, presided over by a trial court judge and taking place in a courtroom or a judge's chambers in this Action, or any filing made before trial in this Action.

(o) Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

**8. SCOPE**

The protections conferred by this Stipulation cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that would reveal Protected Material to a person not authorized to receive it under this Stipulation. Any use of Protected Material at trial shall be governed by the orders of the trial judge; this Stipulation does not govern the use of Protected Material at trial. No Party or Counsel may use Protected Material obtained through discovery in this Action from another Party in any other lawsuit, arbitration, mediation, or other legal or governmental proceeding absent permission from the Court or agreement of the Designating Party. This restriction does not apply to (1) information described in Paragraph 4, or (2) any insurance coverage, indemnity, or contribution proceeding arising from the claims in this Action, provided the Receiving Party continues to protect the Protected Material under this Stipulation.

**9. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulation as to information and materials other than those pertaining to Plaintiff's True Identity shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Nothing in this Stipulation requires a Receiving Party, its insurers, or its Counsel to return or destroy Protected Material. Counsel and insurers may retain copies of Protected Material in their files as their professional, regulatory, insurance, and record-retention obligations require, and those copies remain subject to this Stipulation.

## 10. LIMITATIONS RELATING TO PLAINTIFF'S TRUE IDENTITY

The Parties will exclusively reference Plaintiff through the pseudonym "K.D.B." or as "Plaintiff" in all pre-trial filings, in any public discovery and in Public Pre-Trial Court Proceedings. The provisions and protections relating to Plaintiff's True Identity shall be effective in Public Pre-Trial Court Proceedings in this matter and shall have no effect during any trial in this matter, the conduct of which shall be governed by the orders of the trial judge. Nothing in this Paragraph limits any use or disclosure of Plaintiff's True Identity that Paragraphs 2 and 4 permit.

## 11. DESIGNATING PROTECTED MATERIAL

11.1 Exercise of Restraint and Care. Each Party or Nonparty that designates information or items for protection must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material that qualify, so that other portions for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulation. Mass, indiscriminate, or routinized designations are prohibited.

11.2 Manner and Timing of Designations. Except as otherwise provided or stipulated, Discovery Material that qualifies for protection must be clearly designated before the material is disclosed or produced.

(a) For information in documentary form (excluding transcripts of depositions or other proceedings), the Producing Party shall affix the legend "TRUE IDENTITY," "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL" to each page that contains Protected Material; if only a portion of a page qualifies, the Producing Party shall also clearly identify the protected portion(s).

(b) For deposition testimony, the testimony shall be provisionally treated as Protected Material until thirty (30) days after the transcript is delivered by the court reporter to each Party's Outside Counsel of Record; within that window, any Party may serve a Notice of Designation identifying specific portions to be protected, after which only the portions so identified shall be protected.

(c) For information produced in non-documentary form and for any other tangible items, the Producing Party shall affix the appropriate legend in a prominent place on the exterior of the container in which the information is stored and, to the extent practicable, identify the protected portion(s).

11.3 Inadvertent Failure to Designate. If corrected promptly after discovery, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulation. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with this Stipulation.

## 12. ACCESS TO AND USE OF PROTECTED MATERIAL

12.1 Basic Principles. A Receiving Party may use Protected Material disclosed or produced by another Party or by a Nonparty only for prosecuting, defending, or attempting to settle this Action, and may disclose it only to the categories of persons and under the conditions described in this Stipulation. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures access is limited to persons authorized under this

Stipulation. All records reflecting Plaintiff's True Identity shall be maintained in a manner that protects the confidentiality of Plaintiff. Paragraph 2 exclusively governs disclosure of Plaintiff's True Identity, and Paragraphs 12.2 and 12.3 govern all other Protected Material.

12.2 Disclosure of "Confidential" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose information or items designated Confidential only to:

(a) the Receiving Party's Outside Counsel of Record and their employees to whom disclosure is reasonably necessary;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary;

(c) Experts of the Receiving Party who have signed Exhibit A;

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors who have signed Exhibit A;

(g) insurers and indemnitors, including coverage counsel;

(h) the author or recipient of the document, or a custodian or other person who otherwise possessed or knew the information;

(i) during their depositions, witnesses and their attorneys to whom disclosure is reasonably necessary, provided the witness signs Exhibit A;

(j) any mediator appointed by the Court or jointly selected by the Parties, and their staff; and

(k) such other persons as may be designated by written agreement or by order of the Court, provided they sign Exhibit A.

12.3 Disclosure of "Highly Confidential" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose information or items designated Highly Confidential only to:

(a) the Receiving Party's counsel of record and their employees and contract attorneys assigned to this matter to whom disclosure is reasonably necessary;

(b) experts, investigators, and consultants to whom disclosure is reasonably necessary and who have signed Exhibit A;

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors who have signed Exhibit A, provided the retaining Party instructs them not to disclose any Highly Confidential material to third parties or to the officers, directors, and employees (including In-House Counsel) of any Party and to return all copies;

(f) the author or recipient of the document, or a custodian or other person who otherwise possessed or knew the information;

(g) any mediator appointed by the Court or jointly selected by the Parties, and their staff, who have signed Exhibit A; and

(h) such other persons as may be designated by written agreement or by order of the Court, provided they sign Exhibit A.

Nothing herein shall permit disclosure of Highly Confidential information to the officers, directors, or employees (including In-House Counsel) of any Party except those associated with the Designating Party that produced the material.

**13. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

13.1 Timing of Challenges. Any Party or Nonparty may challenge a designation of confidentiality at any time consistent with any applicable Local or Judicial Rules.

13.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process and shall comply with any applicable Local or Judicial Rules regarding such process.

13.3 Continued Protection. Unless the Designating Party has waived or withdrawn the designation, all Parties shall continue to afford the material the level of protection to which it is entitled until the Court rules on the challenge.

**14. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Plaintiff's True Identity, Confidential, or Highly Confidential, that Party must:

(a) promptly notify the Designating Party in writing, including a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue that some or all of the material is subject to this Stipulation, including a copy of this Stipulation; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or order shall not produce any material designated in this Action before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection of its confidential material, and nothing herein shall be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court. Nothing in this Paragraph requires a Party to violate any law, regulation, or court order, and nothing in this Paragraph limits any disclosure that Paragraph 2(j) or 2(n) permits, including disclosure to government agencies. A Party need not give the notice this Paragraph requires if law prohibits the notice.

**15. A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

15.1 Application. The terms of this Stipulation apply to information produced by a Nonparty in this Action and designated as Plaintiff's True Identity, Confidential, or Highly Confidential; nothing herein prohibits a Nonparty from seeking additional protections.

15.2 Notification. If a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession and is subject to an agreement with the Nonparty not to produce it, the Party shall:

(a) promptly notify the party that served the request and the Nonparty in writing that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(b) promptly provide the Nonparty with a copy of this Stipulation, the relevant discovery request(s), and a reasonably specific description of the information requested; and
(c) make the information available for inspection by the Nonparty, if requested.

15.3 Conditions of Production. If the Nonparty fails to seek a protective order within fourteen (14) days after receiving the notice and accompanying information, the Party may produce the Nonparty's confidential information responsive to the request. If the Nonparty timely seeks a protective order, the Party shall not produce the information before a determination by the Court. Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection of its Protected Material.

**16. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation, the Receiving Party must promptly (1) notify the Designating Party in writing of the unauthorized disclosures; (2) use its reasonable efforts to retrieve all unauthorized copies of the Protected Material; (3) inform the person(s) to whom the unauthorized disclosures were made of all the terms of this Stipulation; and (4) request such person(s) to execute the Acknowledgment and Agreement to Be Bound (Exhibit A).

**17. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), the Parties may incorporate into any order submitted to the Court their agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work-product protection.

Dated: October 7, 2026

/s/ Meagan Hassan

**Sico Hoelscher Harris LLP**
Meagan Hassan
David E. Harris
819 N Upper Broadway
Corpus Christi, TX 78401
(361) 653-3300 (Tel)
(361) 653-3333 (Fax)
mhassan@shhlaw.com
dharris@shhlaw.com

**Annie McAdams PC**
Annie McAdams
2900 North Loop West, Suite 1130
Houston, TX 77092
713-785-6262 (Tel)
866-713-6141 (Fax)
annie@mcadamspc.com

**Provost Umphrey Law Firm, LLP**
Michael Hamilton
4205 Hillsboro Pike
Hobbs Building, Suite 303
Nashville, TN 37215
615-297-1932 (Tel)
615-297-1986 (Fax)
mhamilton@pulf.com
*Counsel for Plaintiff*

Dated: October 7, 2026

/s/ John C. McCants, III
**MANNING GROSS + MASSENBURG LLP**
John C. McCants, III
4500 I-55 North, Suite 291
Jackson, MS 39211
Tel:(769) 867-8029
jmccants@mgmlaw.com
*Counsel for Defendant*

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

NAME: ______________________________

ADDRESS:________________________________________

I, the above-named individual, declare that I have received and read the Stipulated Protective Agreement (the "Stipulation") in Jane Doe (K.D.B.) v. Shiv Leela LLC, Case No. 3:26-cv-00868, pending in the United States District Court for the Middle District of Tennessee. I understand the terms of the Stipulation and agree to be bound by them.

I agree that I will use any Protected Material, as the Stipulation defines that term, only as the Stipulation permits. I agree that I will not disclose any Protected Material to any person except as the Stipulation permits.

Date: ______________

Signature: ______________________________